# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN J. FUNNY, <br><br> Plaintiffs, <br><br> v. <br><br> ALPHA PHI ALPHA FRATERNITY, INC., <br><br> Defendant. | CIVIL ACTION FILE <br> 1:22-CV-01085-WMR |

## ORDER

This matter is before the Court sua sponte. Federal courts are courts of limited jurisdiction and thus have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). This Court properly had jurisdiction over the case when Plaintiff John Funny filed his first Complaint because it alleged federal claims and the "state law claims were part of the same nucleus of operative facts that allows the district court to assert supplemental jurisdiction over them in accord with 42 U.S.C. § 1367." *Pintado v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007). [Doc. 8]. However, following this Court's Order dismissing Plaintiff's federal claims [Doc. 26], Plaintiff filed an Amended Complaint containing only state law claims [Doc. 56].

1

"[D]istrict courts may decline to exercise supplemental jurisdiction over a claim" where "the claim raises a novel or complex issue of State law" and where "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). Notably, there are novel questions of Georgia law regarding Plaintiff's ultra vires claim. For example, it is unclear under Georgia law whether an ultra vires claim may lie based on violations of a corporation's by-laws or policy manuals. *Cf. Newsome v. Union Point*, 291 S.E.2d 712, 714 (Ga. 1982) ("An act or contract of a corporation is properly said to be ultra vires where it is beyond the powers expressly or impliedly conferred upon the corporation."). Additionally, it is unclear whether Plaintiff may seek damages, including punitive damages, in an ultra vires claim or whether only injunctive relief is available. *Cf. City of Baldwin v. Woodard & Curran, Inc.*, 743 S.E.2d 381, 385 (Ga. 2013) (referring to a contract as "ultra vires and an 'absolute nullity'"); *Georgia G.R. Co. v. Miller*, 87 S.E. 897, 897 (Ga. 1916) ("If any act be done which is ultra vires . . . , it is wholly void . . . .").

Given the strong presence of these novel questions of Georgia law, the Court declines to exercise supplemental jurisdiction as a matter of comity now that the federal claims have been dismissed. *See Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 531 (11th Cir. 2015) ("[N]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a surer-footed reading of applicable law. One such needless

decision would occur when a court decides issues of state law after the federal claims are dismissed before trial; in that situation, the state claims should be dismissed as well." (citations and internal quotations marks omitted)); *Grant v. County of Seminole*, 817 F.2d 731, 732 (11th Cir. 1987) ("Exercising pendent jurisdiction over the claim would have required the district court to decide a novel question of state law that was by no means clear cut. Such needless decisions of state law are to be avoided." (internal citations omitted)); *Speiser v. Randall*, 357 U.S. 513, 523 n.7 (1958) (noting the "basic constitutional principle that the construction of state laws is the exclusive responsibility of the state courts"). Accordingly, the Amended Complaint [Doc. 56] is **DISMISSED**, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED**, this 27th day of March, 2024.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE